37584.  SHOCKLEY *v.* NUNNALLY *et al.*

DECIDED MARCH 20, 1959—REHEARING DENIED APRIL 2, 1959.

*D. M. Pollock, A. M. Kelly, Stephens, Fortson, Bentley & Griffin,* for plaintiff in error.

*Orrin Roberts, William P. Whelchel,* contra.

FELTON, Chief Judge.  1.  As the alleged errors complained of in grounds 1 and 5 will not likely recur on another trial this

court will not pass on these grounds at this time. This non-action on these grounds is without prejudice.

2. Ground 2 complains that the court erred in charging the jury as follows: "The liability of a landlord for defective construction exists only where the structure is built by him in person or under his supervision or direction." The court charged immediately after the excerpt complained of the following: "If a building were defectively constructed by a predecessor in title, and the landlord knew or by the exercise of reasonable diligence could have known of its improper construction before the tenancy was created, he would be answerable to the tenant, or to any one lawfully on the premises by invitation of the tenant, for injuries sustained by reason of his failure to put the premises in a safe condition if the person sustaining the injuries could not have avoided the same by the exercise of ordinary care." This charge was correct and necessary in fairness to the defendants in this case and eliminated an issue from the case which might otherwise have been confusing to the jury. *Dobbs* v. *Noble*, 55 *Ga. App.* 201 (3) (189 S. E. 694). The court did not err in giving the charge complained of.

3. Grounds 3 and 4 can be treated together. Ground 3 complains of the following charge: "A tenant is entitled to exclusive occupancy during the term of his tenancy and it is his duty, if the premises get out of repair, to notify the landlord of their defective condition." Ground 4 complains of the following charge: "The landlord is under no duty to inspect the premises while the tenant is in possession in order to keep informed as to their condition." Under the facts of this case it was error to give both of these excerpts without qualification. The court elsewhere charged the applicable law but did not call attention to these unqualified excerpts and withdraw or correct them. *Executive Committee of Baptist Convention* v. *Ferguson*, 213 *Ga.* 441 (1) (99 S. E. 2d 150). The plaintiff contended that the landlords had a right to enter the store rented by Crossley to inspect the defective floor leading from the lobby to the store because of the fact that the landlords maintained the lobby and the entrance into the store. The plaintiff also contended that the landlords both retained the right to enter the Crossley store

to inspect and repair and, whether they retained it or not, they in fact exercised the right to inspect and repair. As to the actual exercise of the right of entry to inspect and repair, the evidence was not sufficient to establish it as to the Crossley store. The only inspection ever made there was of the basement to remove a fire hazard. As to the right to enter the Crossley store by reason of the fact that the landlords maintained the passageway from the lobby into the Crossley store for the use of the public, the evidence did not show that the landlords so maintained and furnished this passageway. The evidence on the last trial was that, when Mr. Crossley first rented the premises, the door from his store to the lobby was closed and blocked by shelving, and that Mr. Crossley removed the shelving and opened the door, obviously for his own benefit and convenience and those of his customers and prospective customers. The landlords would not be charged with the duty to keep this passageway in repair inside the Crossley store unless it maintained it and had or exercised the authority to require its being kept open for the use of the public, and there is no such evidence here—nor was there in any previous appeal considered by this court. However, there was evidence from which the jury could have found that the oral contract of rental between the parties retained for the landlords the right to enter the Crossley store for the purpose of inspection and the making of repairs. *DeHowitt* v. *Hartford Fire Ins. Co.*, 99 *Ga. App.* 147 (108 S. E. 2d 280). There was no contention by the plaintiff that notice of defects was given by the tenant.

The court erred in overruling special grounds 3 and 4 of the amended motion for new trial and in overruling the motion as a whole for that reason.

*Judgment reversed. Quillian and Nichols, JJ., concur.*