### 43603. BOWDEN v. KEMP.
(344 SE2d 233)

PER CURIAM.

This is an appeal by appellant, Jerome Bowden, from the trial court's denial of his petition for writ of habeas corpus and application for stay of execution.

Appellant's petition to the trial court was based solely upon the proposition set forth in the opinion of *Batson v. Kentucky,* 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986). This case changed the standard of proof necessary to show unconstitutionally discriminatory use of peremptory strikes on the part of a prosecutor in a criminal case. Based upon the *Batson* case appellant claims that the prosecution improperly used its peremptory strikes to remove all blacks from the traverse jury in violation of the Constitution of the United States. For reasons set out herein the trial court's judgment denying the petition for habeas corpus as well as the motion for stay of execution is hereby affirmed.

In 1965 the Supreme Court of the United States in the case of *Swain v. Alabama,* 380 U. S. 202 (85 SC 871, 13 LE2d 753) (1965) held that a defendant must show a long, pervasive pattern of strikes without a legitimate basis in order to show a violation of the Constitution of the United States. Appellant Bowden admits that he did not even attempt to follow the law as set out in *Swain,* supra. In view of this omission, appellant will not now be heard to complain that his Constitutional rights have been violated. *Swain* was clear and unequivocal and was not adhered to.

Also, neither at the trial court level nor in any habeas corpus petition has this matter as set forth in *Swain* or *Batson* been objected to or raised. Therefore appellant's petition is successive.

Finally, appellant contends that his case is controlled by *Batson.* The Supreme Court of the United States did not hold *Batson* to apply retroactively and we do not view it as being so intended. See *Daniel v. Louisiana,* 420 U. S. 31 (95 SC 704, 42 LE2d 790) (1975).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 16, 1986.

*C. Nelson Jarnigan,* for appellant.
*Michael J. Bowers, Attorney General, Susan V. Boleyn, Assis-*

*tant Attorney General,* for appellee.