## 72865. MINCEY v. THE STATE.
(349 SE2d 1)

DEEN, Presiding Judge.

The defendant was indicted for armed robbery of Don's Handy Pantry, a Savannah convenience store. Prior to trial, the defendant moved the court for an order suppressing identification on the ground that there existed a substantial likelihood of misidentification. He also entered a motion in limine to exclude evidence of other crimes. The trial court denied both motions. During the jury selection, the state exercised all its peremptory strikes, and an all-white jury was obtained from a panel of forty-two.

The evidence at trial showed that on October 5, 1984, two employees were working at Don's Handy Pantry when a black man wearing a beige jacket with white stripes, a pair of jeans, and a brown "scully" hat and carrying a gun approached the cashier and demanded money. Although the employees disagreed as to the robber's height and weight, they agreed that the man had red hair, and when shown a photospread by the police, both identified the defendant as the robber. One of the employees stated that the robber had been in the store the week before and had attempted to take something. The defendant moved for a mistrial based on testimony as to a prior crime. The motion was denied.

The state called witnesses to two other robberies. The first occurred at a surburban "Shop & Go" market. A black man wearing blue jeans, a beige jacket with stripes, and braided hair came into the store, went over to look at several "porn" magazines, and shortly thereafter demanded that an employee fill a bag with money. The em-

ployee was unable to identify the robber from a photospread but did so from a lineup. Another witness also selected the defendant's picture from the photospread but offered conflicting testimony as to height, weight, and facial scars. The second robbery occurred at a "Kwik Way" food store in the same suburb. A black man entered the store, looked at several magazines, and then ordered the employee to fill a bag with money and cigarettes. The employee selected the photograph of the defendant from a photospread but did not identify him as the robber in the courtroom. Fingerprints from several articles in the store were identified as the defendant's.

The jury found the defendant guilty of armed robbery. Over the defendant's objections, the trial court ruled the state had met its burden of proving three prior felony convictions of the defendant and sentenced the defendant as a recidivist. The defendant was sentenced to life imprisonment and now appeals the conviction. *Held*:

Appellant makes five assignments of error. They pertain to the denial of certain motions; the sentencing of appellant under the recidivist statute; and the prosecution's use of peremptory challenges to eliminate all blacks from the jury. We do not address here any but the last of these enumerations (appellant's #1), as we agree with the appellant's contention that under *Batson v. Kentucky*, 476 U. S. ___ (106 SC ___, 90 LE2d 69) (1986), the prosecution's striking all potential black jurors through peremptory challenges constitutes reversible error.

In the instant case the transcript shows that the prosecution exercised all its peremptory challenges, thereby excluding all four of the blacks among the potential jurors. At the conclusion of the jury selection process, defense counsel moved for a continuance on the basis that the District Attorney's systematic striking of all blacks on the forty-two-member panel denied the defendant his right to a jury of his peers. The trial court ruled summarily: "The motion is denied." Here, as in *Batson*, supra, "[T]he trial court flatly rejected the objection [here, the motion] without requiring the prosecutor to give an explanation for his action." *Batson*, supra at 90. Compare *Wise v. State*, 179 Ga. App. 115 (346 SE2d 393) (1986); see also *Bowden v. Kemp*, 256 Ga. 70 (344 SE2d 233) (1986).

The state contends that the sole procedure available for challenging the jury array is that set forth in OCGA § 15-12-162: "The accused may, in writing, challenge the array for any cause going to show that it was not fairly or properly impaneled or ought not to be put upon him." We agree with the state that a continuance would not ordinarily be chosen as the procedural means of challenging the jury's composition, but we also note that neither *Batson* nor the cited Georgia statute prescribes a particular form for the challenge, other than the statutory requirement that it be in writing. It would be eminently

reasonable to argue, however, that in circumstances like those obtaining here — that is, when the principals are in open court and the trial is ready to proceed — an oral challenge to the array would be at least as appropriate as, if not more appropriate than, a written challenge. Moreover, by whatever terminology defense counsel's motion may technically be designated, it is clear from the context that its purpose was to challenge the jury array, as contemplated in *Batson*.

In view of the Supreme Court's unequivocal holding as to the criteria for a prima facie showing of purposeful discrimination in such circumstances, we are not persuaded that such an exaltation of form over substance as the state proposes would be consonant with this latest pronouncement from the nation's highest tribunal. We therefore remand this case for proceedings consistent with the above.

*Judgment reversed. Benham and Beasley, JJ., concur.*

Decided September 2, 1986 —
Rehearing denied September 11, 1986

*Michael G. Schiavone*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Jeffrey S. Hendrix*, Assistant District Attorney, for appellee.