## 72553. FORD v. THE STATE.
(350 SE2d 816)

BENHAM, Judge.

1. Appellant was convicted of rape, robbery, and burglary. The victim positively identified appellant as the man who entered her home without permission; physically abused her; forced her to give him her jewelry and money; took her husband's jewelry; tied her hands and placed a pillowcase over her head; ripped her clothing off her; and had nonconsensual sexual intercourse with her. The State also presented an expert witness who compared a pubic hair sample taken from appellant with pubic hair recovered at the site of the assault and concluded that the two samplings did not exhibit dissimilarities that would suggest they were different. The expert opined the hairs were "similar in origin." The State presented sufficient evidence to enable a rational trier of fact to find appellant guilty of rape, robbery, and burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Perry v. State*, 154 Ga. App. 385 (268 SE2d 747) (1980); OCGA §§ 16-6-1 (a); 16-8-40 (a); 16-7-1 (a). The above-summarized evidence also supports the trial court's denial of appellant's motion for new trial, which was premised on the general grounds.

2. Appellant contends his federal and state constitutional rights to equal protection of the law were denied him by the State's use of its peremptory strikes to exclude blacks from the jury.

In *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986), the U. S. Supreme Court entertained a similar claim (90 LE2d at 79, fn. 4) and held that Batson, having made a timely objection to the State's removal of all black persons on the venire; having established he was a member of the racial group so excluded; and having shown circumstances that raised an inference that the State used its

peremptory challenges to exclude members of the venire from the petit jury due to their race, had made a prima facie showing of discrimination. The Supreme Court ruled that the burden then fell to the State "to come forward with a neutral explanation for challenging black jurors." 90 LE2d at 88. In the case at bar, the record and the transcript are devoid of any evidence that appellant objected to the State's use of its peremptory challenges. Compare *Wise v. State*, 179 Ga. App. 115 (346 SE2d 393) (1986). Cf. *Bowden v. Kemp*, 256 Ga. 70 (344 SE2d 233) (1986). By failing to interpose an objection to the State's procedure at trial, appellant has waived his right to present the issue before this court, for "matters not objected to at trial cannot be raised for the first time on appeal." *Scott v. State*, 243 Ga. 233, 234 (253 SE2d 698) (1979).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 12, 1986.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney*, for appellee.