73240. POWELL v. THE STATE.
(355 SE2d 72)

BEASLEY, Judge.

Appellant was indicted for murder (OCGA § 16-5-1) and was convicted by a jury of voluntary manslaughter (OCGA § 16-5-2). Mr. Powell is black and the victim was white. He defended on the theory of self-defense, urging that he was justified in shooting at Mr. Thigpen because Thigpen taunted him with racial epithets, threatened to physically harm him, acted so as to do so, and then reached in a truck as though to get a gun. Powell denied an intention to kill and stated that instead, he intended simply to stop Thigpen from harming or killing him. The incident occurred at a boat landing along the river to which Powell and a white friend had gone after work. Thigpen and several other white men were there.

After the selection of the jury but before it was sworn, Powell moved both orally and in writing for a mistrial, for discharge of the jurors, and for a new jury selected without the state's allegedly racially discriminatory exercise of its peremptory strikes. He relied upon the federal constitution's Fourteenth Amendment due process and equal protection clauses, the Sixth Amendment's impartial jury guarantee, and the state constitution's due process, equal protection, and impartial jury provisions. (Ga. Const. 1983, Art. I, Sec. I, Pars. I, II, and XI (a)).

He cited *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986), then pending for decision in the United States Su-

preme Court.[1] In addition, he cited other states' cases construing and applying the federal constitution and sought to distinguish *Swain v. Alabama*, 380 U. S. 202 (85 SC 824, 13 LE2d 759) (1965). He did not pursue the state constitutional claim there or here, and thus it is not involved. See *State v. Camp*, 175 Ga. App. 591, 593 (1) (333 SE2d 896) (1985). On appeal he stands solely on the decision in *Batson* with respect to the first enumerations of error.

1. Appellant's challenge must be addressed because it was adequately although not properly raised, *Mincey v. State*, 180 Ga. App. 263 (349 SE2d 1) (1986), cf. *Ford v. State*, 180 Ga. App. 807 (2) (350 SE2d 816) (1986), and is not foreclosed by the doctrine of retroactivity. *Allen v. Hardy*, 478 U. S. ___ (106 SC 2878, 92 LE2d 199) (1986).

2. Even though there is some evidence of a neutral basis for some of the state's peremptory strikes against blacks so as to support its explanation, we must remand the case for an evidentiary hearing and trial decision, as was done in *Mincey,* supra; *Sparks v. State*, 180 Ga. App. 467 (349 SE2d 504) (1986); and *Wise v. State*, 179 Ga. App. 115 (346 SE2d 393) (1986). One of the reasons is that the determination ordinarily must be made in the first instance by the trial court, which is much more aware than we are of the circumstances and the significance of factors bearing on the subtle issue of neutrality; it is properly the factfinder. *Batson*, supra.

Another reason is that this is not a case where the issue may be decided as a matter of law one way or the other on the basis of what is in the record. Of the 42 veniremen 30 were white and 12 were black. The state's exercise of its 10 peremptory challenges resulted in 9 blacks and 1 white woman being excused. The woman's husband's criminal case was set for trial during the same week, and in addition, the husband had defendant's attorney representing him at one time. These circumstances raised the inference which required further inquiry.

Three blacks were on the jury of 12, but this is not determinative. The question is whether the state exercised *any* of its strikes for a racially discriminatory reason, for if it did, the rule of *Batson* was violated. Although the state explained at trial that 6 of the 9 were friends of defendants, another was the wife of one of the friends, and another was a distant relative, the record shows only that 3 of the 9 blacks were friends. It is silent as to any such relationship or kinship with the others. As to the ninth, the state explained that she was stricken because she was divorced.

3. Thus we cannot say as a matter of law that the explanation was constitutionally sufficient, and an evidentiary hearing, difficult as

---

[1] Appellant was convicted on October 18, 1985; *Batson* was decided on April 30, 1986.

it may be,[2] is necessary.

The case is therefore remanded to the trial court for proceedings consistent with *Batson.*

4. In view of this disposition, the remaining enumerations of error need not be addressed. OCGA § 5-6-34 (c); *Shockley v. Nunnally,* 99 Ga. App. 385 (1) (108 SE2d 743) (1959). Cf. *Dell v. Kugel,* 99 Ga. App. 551, 560 (6) (109 SE2d 532) (1959).

*Case remanded with direction. Deen, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 23, 1987 — REHEARINGS DENIED MARCH 4, 1987 AND MARCH 12, 1987 — 

*William W. Larsen, Jr.,* for appellant.

*James. L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney,* for appellee.

---

[2] See, regarding the inherent practical problems attending such a procedure, *Batson,* supra, Marshall, concurring, Division II, and *Allen v. Hardy,* supra.