## 44010. THE STATE v. SPARKS.
(355 SE2d 658)

HUNT, Justice.

We granted certiorari in *Sparks v. State,* 180 Ga. App. 467 (349 SE2d 504) (1986) to determine the applicability of *Batson v. Kentucky,* 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986) to this case. In *Batson,* the United States Supreme Court held that a state criminal defendant could establish a prima facie case of racial discrimination violative of the Fourteenth Amendment based on the prosecutor's use of peremptory challenges to strike members of the defendant's race from the jury and that, once the defendant had made the prima facie showing, the burden shifted to the prosecution to come forward with a neutral explanation for these challenges.

The ruling in *Batson* applies to this case which was on direct ap-

---

peal to the Georgia Court of Appeals at the time *Batson* was decided. *Griffith v. Kentucky*, 55 USLW 4089 (Case No. 85-5221, decided January 13, 1987). The issue presented here is whether the defendant's *Batson* claim was timely made. The record reflects that following voir dire, the jury was selected, sworn, given preliminary instructions by the trial court, and excused for lunch. Following the recess and a lengthy hearing on an unrelated defense motion, counsel for defendant moved for a mistrial, claiming that Spark's constitutional rights had been violated by the prosecutor's use of peremptory challenges to exclude blacks from the jury panel, which motion was also denied. The Court of Appeals held that defendant's *Batson* claim was timely because it was raised at the first opportunity, and remanded the case to the trial court for further proceedings pursuant to the principles enunciated in *Batson*. While it does not appear that the defendant in this case was prevented from raising his *Batson* claim prior to the time the jury was sworn, because there have been no judicial guidelines regarding the time and manner in which such a claim is to be presented, and because the defendant's motion in this regard was made relatively promptly in the course of the proceedings, we affirm the holding of the Court of Appeals. However, we hold that hereafter any claim under *Batson* should be raised prior to the time the jurors selected to try the case are sworn. In this manner, the trial court will have an opportunity to determine whether there has been a violation of the defendant's constitutional rights under *Batson* and, if so, to remedy that violation and proceed to the trial of the case.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 1987.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney,* for appellant.

*Bentley C. Adams III,* for appellee.