75572. WRIGHT v. THE STATE.
(366 SE2d 420)

BEASLEY, Judge.

Curtis Wright was convicted of armed robbery, OCGA § 16-8-41, and sentenced to life in prison. He claims two errors.

1. The first is that *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) was not complied with so that his Sixth Amendment right to a fair and impartial jury was violated. He does not challenge the procedure under any state law or state constitu-

tional provision, so we deal only with the federal constitutional claim. See *Powell v. State*, 182 Ga. App. 123, 124 (355 SE2d 72) (1987).

After the jury was selected but before it was sworn, defendant, a black man, moved the court to require the State to explain its using nine of its ten peremptory challenges to strike black persons from the jury panel. This was timely. *State v. Sparks*, 257 Ga. 97 (355 SE2d 658) (1987). The particular jurors' numbers were listed. Defendant relied on *Batson*, which had been decided three months earlier. The State questioned the accuracy of counsel's count, which counsel stated both he and defendant kept during the voir dire, and counsel offered proof via testimony of the jury manager, but that was not permitted. The State asserted that these facts should have been put in the record at voir dire if defendant desired to preserve them.

The court denied the motion. At the end of the trial, the court established that defendant had not requested that the voir dire be recorded, that the State had accepted three and possibly four blacks but defendant had stricken them, that two jurors and an alternate juror were black (there apparently were two alternates). The record does not show how many black people or how many white people were on the venire.

Defendant's opportunity to demonstrate systematic exclusion of a group of jurors from the venire was foreclosed by the court's ruling. He did show that he was a member of a cognizable racial group and that the prosecutor exercised peremptory strikes against other members of it. See *McCormick v. State*, 184 Ga. App. 687 (362 SE2d 472) (1987). He should have been permitted to show the race of the jurors stricken by the State and the total number of blacks in the body of jurors subjected to voir dire. If the number of those stricken was as he stated in his place, particularly if the total number of black veniremen was low, he was entitled under *Batson* to an explanation of the State's strikes and to the court's determination of whether or not the strikes were racially neutral or, on the other hand, purposefully discriminatory. In *Batson* the State struck "all four black persons on the venire." The prerequisites for a prima facie case are at page 16 of the slip opinion, 90 LE2d at 87-88. See also *Gamble v. State*, 257 Ga. 325 (357 SE2d 792) (1987). The fact that all of the black veniremen were not striken by the State, or the fact that the State did not use all of its peremptory challenges against such, is not conclusive. *Barton v. State*, 184 Ga. App. 258 (2) (361 SE2d 250) (1987); *Powell*, supra.

Accordingly, as required by *Batson*, the circumstances require remand for further proceedings in this regard. See *Powell*, supra at 125; *Sparks v. State*, 180 Ga. App. 467 (349 SE2d 504) (1986), aff'd *State v. Sparks*, supra; *Wise v. State*, 179 Ga. App. 115 (346 SE2d 393) (1986). "If the trial court decides that the facts establish, prima facie, purposeful discrimination and the prosecutor does not come forward

with a neutral explanation for his action, . . ." the conviction must be set aside. *Batson*, supra at 100. See also *Hillman v. State*, 182 Ga. App. 47, 48-49 (354 SE2d 673) (1987).

2. The other enumeration contests the sufficiency of the evidence. We have examined it and conclude that, despite appellant's urging that the jury was required to accept his testimony and that of the alibi witnesses over that of the identifying victim-witnesses, such is not the case. Weight and credibility are solely matters for the jury to consider. OCGA § 24-9-80; *Harris v. State*, 155 Ga. App. 530 (1) (271 SE2d 668) (1980). The number of witnesses marshalled by one side against the other is not conclusive. *Redfield v. State*, 240 Ga. 460, 461 (1) (241 SE2d 217) (1978).

Nor is the circumstantial evidence principle cited by appellant from *Patrick v. State*, 75 Ga. App. 687 (2) (44 SE2d 297) (1947) applicable. There was direct evidence from the two victims, who identified defendant based in part on his prior visits to the real estate office where the incident occurred, one of which was just fifteen to twenty minutes before the robbery and when defendant was not wearing the sunglasses, bandanna, or hat which partially covered the perpetrator's face and head. The verdict was authorized under the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thus, if the *Batson* inquiry requires a new trial, the State may pursue it. *Gamble v. State*, supra at 330 (7).

In sum, this case must be remanded to the trial court for a hearing and for appropriate findings concerning only the issue of whether the requirements of *Batson*, supra, have been satisfied. Should further review of this issue be necessary, the appropriate appellate procedure shall be followed for such review.

*Judgment affirmed and case remanded for hearing as directed in Division 1. McMurray, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 26, 1988.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney*, for appellee.