## S90A1306. GREENE v. THE STATE.
### (396 SE2d 901)

SMITH, Presiding Justice.

The appellant, Frederick Gerard Greene, was convicted of the malice murder of Jessie Lee Stevens.[1] Mr. Greene was sentenced to life imprisonment and now appeals on the grounds that the State used its peremptory strikes to systematically exclude black jurors in violation of *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). We affirm.

In the early morning hours of December 25, 1989 the appellant approached the victim and demanded payment for some crack cocaine that the appellant had allegedly provided to the victim. After a

---

[1] The crime was committed December 25, 1989. The appellant was indicted on January 8, 1990. He was convicted of malice murder on May 16, 1990, and was sentenced to life imprisonment on May 24, 1990. The appellant filed an application for review of sentence on June 16, 1990, and Notice of Appeal on June 20, 1990. The transcript of evidence was filed on June 29, 1990. The record was docketed in this Court on July 6, 1990. The case was argued on September 19, 1990.

short argument, the victim threw his hands in the air and said, "Do what you gotta do." The appellant then produced a .32 caliber pistol and fired at the victim. Although shot in the chest, the victim turned and attempted to flee to a nearby car. The appellant then walked up behind the victim and shot him in the back. The medical examiner testified that the victim died as a result of internal bleeding caused by the gunshot wound to the chest.

Five witnesses testified that they saw the appellant shoot the victim. The appellant was arrested and the police recovered the appellant's pistol. Ballistic tests showed that the bullets retrieved from the victim's body matched bullets fired from the appellant's gun.

The appellant was indicted on one count of malice murder and one count of felony murder. Trial was set for May 16, 1990. During jury selection the State used five of its peremptory strikes to excuse black individuals. No other peremptory strikes were used by the State nor did the appellant object to the State's use of its strikes prior to the jury being sworn.

1. The appellant's sole enumeration of error is that the State's use of its peremptory strikes establishes a prima facie discriminatory intent in violation of *Batson*, supra. However, the appellant's claim is not timely made. In *State v. Sparks*, 257 Ga. 97 (355 SE2d 658) (1987), we held that, "any claim under *Batson* should be raised prior to the time the jurors selected to try the case are sworn." Id. at 98. The purpose of this rule is to allow the trial court to determine if there has been a violation of the defendant's constitutional rights in the jury selection process and, if so, to remedy that violation before the jurors are sworn. This procedure helps insure fairness and conserves judicial resources. Because the appellant failed to raise this issue prior to the time the jurors were sworn, he did not properly preserve it for our review.

2. After reviewing the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to have authorized a rational trier of fact to conclude that the appellant was guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Clarke, C. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Bryant Culpepper concur; Weltner, J., not participating.*

DECIDED OCTOBER 19, 1990.

*Floyd H. Wardlow, Jr.,* for appellant.
*David E. Perry, District Attorney, Ronnie A. Wheeler, A. Douglas Newsome, Assistant District Attorneys, Michael J. Bowers, At-*

torney General, Robert D. McCullers, for appellee.

