A92A0926. CALHOUN et al. v. PURVIS.

(425 SE2d 901)

BEASLEY, Judge.

Plaintiffs (husband and wife) appeal from a judgment entered on a jury verdict in favor of defendant in this negligence action involving an automobile collision.

Error is enumerated with respect to the trial court's rejection of plaintiffs' challenge to defendant's alleged use of racially discrimina-

tory peremptory challenges in this civil trial. Plaintiffs are black and defendant is white.

Although a transcript of the voir dire proceedings has not been transmitted to this court, the parties are in agreement as to what transpired during the jury selection process, with respect to the issues in this appeal. See *Bannister v. State*, 202 Ga. App. 762, 766 (1) (b) (415 SE2d 912) (1992), and cases cited; Court of Appeals Rule 15 (b) (1); OCGA § 24-4-24 (b) (7).

At 10:30 a.m. on Monday, December 2, 1991, a jury was qualified and impaneled to try the case in the superior court. The court announced that it would proceed with the selection of all juries needed that week so that those who were not selected could be released from service. The jurors selected to try this case were released until the following morning.

Prior to placing the jury in the box on the following morning, plaintiffs' counsel moved the court to apply the procedures of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), contending that the defense had utilized its peremptory jury strikes in a racially discriminatory manner. Counsel cited *Edmonson v. Leesville Concrete Co.*, 500 U. S. _____ (111 SC 2077, 114 LE2d 660) (1991), a decision rendered approximately six months earlier, holding that courts must entertain a challenge to a private litigant's racially discriminatory use of peremptory challenges in a civil trial. Although the trial court refused to apply such procedure in this civil trial, it did permit counsel to perfect the record with respect to his *Batson/Edmonson* challenge.

He did so via the testimony of the superior court clerk, who stated that the entire panel of jurors from which this jury was selected was comprised of 25 white persons and 7 black persons (a racial composition of 27 percent black members). It was shown that one black venire member was removed for cause due to the fact of his relationship to plaintiff within the prohibitions of OCGA § 15-12-135 (a). Thereafter, the defense utilized its six peremptory challenges to remove all remaining black members of the panel. The resulting jury of 12 was comprised solely of white persons.

The court acknowledged that had this been a criminal trial, plaintiffs had carried their burden under *Batson* of establishing a prima facie case of racial discrimination, which would shift the burden to the defense to offer race-neutral explanations for its peremptory challenges.

Defense counsel explained her reasons for striking each black juror. The first and second jurors were eliminated because both were friends of the plaintiffs and because Mr. Calhoun, an automobile mechanic, had worked on their cars. In addition, the second juror's wife was Mrs. Calhoun's employer. The third and fourth jurors were

also friends of the plaintiffs. With respect to the last two strikes, counsel explained that the defendant "knew" the other remaining jurors and "felt comfortable about having people on the jury that he personally knew as opposed to two people he had never seen in his life." Although defendant was not familiar with the two remaining black jurors, defense counsel was, and concurred with the client that "it would be better to strike them."

Asserting that plaintiffs had been deprived of their right to have their case tried by a racially neutral jury and that defendant failed to provide a racially neutral explanation of the use of peremptory strikes, plaintiffs' counsel requested that he be permitted to select another jury from a new panel of jurors. The court concluded, "I'm not ruling that they have adequately responded, I'm just going to rule that the [Batson/Edmonson] law doesn't apply in civil cases in Georgia because it hasn't been ruled on by the Supreme Court of Georgia . . . I don't know whether they've carried their burden or not, but I am going to deny your motion . . . to get another panel of jurors . . . I'm just ruling at this point it doesn't apply to civil cases."

1. "[C]ourts must entertain a challenge to a private litigant's racially discriminatory use of peremptory challenges in a civil trial." *Edmonson*, supra, 114 LE2d at 680. Accord *Strozier v. Clark*, 206 Ga. App. 85 (424 SE2d 368) (1992). The trial court erred in failing to apply *Edmonson* and *Batson* to this civil trial.

2. Although defendant concedes the rule of *Edmonson*, he contends that plaintiffs' failure to assert the challenge in a timely manner constituted a waiver.

In *Batson*, the Supreme Court "declined either 'to formulate particular procedures to be followed upon a defendant's timely objection to a prosecutor's challenges,' or to decide when an objection must be made to be timely." *Ford v. Georgia*, 498 U. S. 411 (111 SC 850, 112 LE2d 935, 948) (1991). *Edmonson* similarly "le[ft] it to the trial courts in the first instance to develop evidentiary rules for implementing [that] decision." *Edmonson*, supra, 114 LE2d at 680.

In implementing the holding in *Batson*, our Supreme Court declared that "any claim under *Batson* should be raised prior to the time the jurors selected to try the case are sworn. In this manner, the trial court will have an opportunity to determine whether there has been a violation of the defendant's constitutional rights under *Batson* and, if so, to remedy that violation and proceed to the trial of the case." *State v. Sparks*, 257 Ga. 97, 98 (355 SE2d 658) (1987). See also *Greene v. State*, 260 Ga. 472 (396 SE2d 901) (1990).

As discussed in *Strozier*, supra at (2), this procedure does not exactly fit the civil context because of the procedural differences in seating civil and criminal juries. Under OCGA § 15-12-139, a final oath is administered to the jurors selected to try a criminal case and a

timely *Batson* challenge must be asserted prior to that occurrence. *Greene,* supra, 260 Ga. at 472 (1). In civil cases an oath is administered to each *jury panel* under OCGA § 15-12-138. Since this occurs prior to the final selection of jurors, a challenge at that time may be premature.

Defendant claims that plaintiffs waived their *Edmonson* claim by not asserting it at their "first opportunity," which would have been at the conclusion of the final selection process and before the jury was excused. As in *Sparks,* supra, 257 Ga. at 98, we will not reject the *Batson/Edmonson* claim as untimely "because there have been no judicial guidelines regarding the time and manner in which such a claim is to be presented, and because [plaintiffs'] motion in this regard was made relatively promptly in the course of the proceedings. . . ."

However, a challenge to the alleged use of racially discriminatory peremptory challenges in a civil trial under *Edmonson* should be raised no later than would preserve the opportunity to correct any violation without resetting the trial. In this case the latest time would have been before the jury selected and the jurors not selected were released.

3. Finally, plaintiffs contend they are entitled to a new trial because the court ruled neither on their challenge nor on the adequacy of defendant's rebuttal.

Defendant contends that the explanation given for the exercise of his peremptory strikes was sufficient as a matter of law to defeat a *Batson* challenge. Alternatively, he suggests that we remand for a determination by the trial court of the sufficiency of its reasons.

"Even though there is some evidence of a neutral basis for some of the state's peremptory strikes against blacks so as to support its explanation, we must remand the case for an evidentiary hearing and trial decision, as was done in *Mincey [v. State,* 180 Ga. App. 263 (349 SE2d 1) (1986), aff'd *State v. Mincey,* 256 Ga. 636 (353 SE2d 814) (1987)]; *Sparks v. State,* 180 Ga. App. 467 (349 SE2d 504 (1986) [aff'd *State v. Sparks,* 257 Ga. 97 (355 SE2d 658) (1987)]; and *Wise v. State,* 179 Ga. App. 115 (346 SE2d 393) (1986). One of the reasons is that the determination ordinarily must be made in the first instance by the trial court, which is much more aware than we are of the circumstances and the significance of factors bearing on the subtle issue of neutrality; it is properly the factfinder. *Batson,* supra.

"Another reason is that this is not a case where the issue may be decided as a matter of law one way or the other on the basis of what is in the record." *Powell v. State,* 182 Ga. App. 123, 124 (2) (355 SE2d 72) (1987).

Assuming arguendo that defendant's explanation for striking the first four jurors passed *Batson* scrutiny as a matter of law, it cannot

be so said about the final two.[1] Indeed, our Supreme Court has recently admonished that any explanations reflecting " 'stereotypical attitudes as to particular groups . . . should be given additional scrutiny by the trial court before they are found acceptable.' " *Weems v. State*, 262 Ga. 101, 103 (2) (b) (ii) (416 SE2d 84) (1992), citing *Tharpe v. State*, 262 Ga. 110, 112 (416 SE2d 78) (1992).

The case is remanded for consideration of plaintiffs' *Batson/Edmonson* challenge, consistent with the above.

*Judgment affirmed and case remanded for hearing. Sognier, C. J., McMurray, P. J., Carley, P. J., Pope, Cooper, Andrews and Johnson, JJ., concur. Birdsong, P. J., concurs in part and dissents in part.*

BIRDSONG, Presiding Judge, concurring in part and dissenting in part.

I fully concur in Divisions 1 and 2. However, as to Division 3, I respectfully dissent.

Defendant contends the explanations given for the exercise of his peremptory strikes were sufficient as a matter of law to defeat a *Batson* challenge. I agree. Defendant has met the requirement to explain his exercise of peremptory challenges and to demonstrate that racially neutral criteria prompted the exercise of his peremptory challenges. See generally *Gamble v. State*, 257 Ga. 325 (2) (357 SE2d 792). The explanation tendered need not rise to the level of justifying exercise of a challenge for cause; a reasonable suspicion regarding a prospective juror's impartiality or ability otherwise to render a fair verdict can justify the exercise of a peremptory strike. *Hall v. State*, 261 Ga. 778, 780 (2a) (415 SE2d 158). I do not find that any of the explanations offered by defendant were based in any manner upon "stereotypical attitudes as to particular groups," which, of course, would perforce mandate additional scrutiny by the trial court under the precedent of *Weems v. State*, 262 Ga. 101, 103 (2) (b) (ii) (416 SE2d 84). The cases cited by the majority are factually distinguishable, including *Powell v. State*, 182 Ga. App. 123, 124 (2) (355 SE2d 72). Moreover, *Powell* does *not* preclude this court from determining *Batson* issues as a matter of law when, as here, it is appropriate to do so. Thus, the adequacy of a racially neutral explanation, like any other *Batson* issue (see *United States v. Allison*, 908 F2d 1531, 1536-1538 (11th Cir.)), can be resolved as a matter of law. The reasons posed in this case for the exercise of challenges are those reasons legitimately used every day in our courts by counsel for the challenge of jurors on non-racially biased grounds. In my view, referring this case for re-

---

[1] The parties do not agree on the order in which the six peremptory strikes were exercised; however, the order is of no consequence to our decision.

mand merely adds unnecessary burden on an already overtaxed judicial system. The attendant facts foretell but one inevitable conclusion — there was no *Batson* violation. When the posture of the proceedings is of this nature, we should decide the *Batson* issue at the appellate level so as to avoid the imposition on litigant's additional attorney fees and related expenses, and to facilitate the interests of judicial economy.

DECIDED NOVEMBER 16, 1992 —
RECONSIDERATION DENIED DECEMBER 3, 1992

*Charles R. Reddick*, for appellants

*Young, Clyatt, Turner, Thagard & Hoffman, F. Thomas Young, Sherry S. Harrell, George H. Wynn*, for appellee.