A94A0264. CALHOUN et al. v. PURVIS.
(446 SE2d 752)

Judge Harold R. Banke.

This is the second appearance of this case before this court. In *Calhoun v. Purvis*, 206 Ga. App. 565 (425 SE2d 901) (1992), we remanded the case for consideration of the plaintiffs' challenge to the defendant's use of peremptory challenges pursuant to the Supreme Court's decision in *Edmonson v. Leesville Concrete Co.*, 500 U. S. ____ (111 SC 2077, 114 LE2d 660) (1991). On remand, following a hearing to determine the sufficiency of the defendant's explanations for exercising his peremptory strikes to remove the six black members of the jury panel, the trial court overruled the *Batson/Edmonson* challenge and denied the motion for new trial.

As detailed in our first opinion, the defendant struck four of the six potential jurors because they were friends, neighbors, and/or colleagues of plaintiffs. 206 Ga. App. at 568. Both defense counsel had professional relationships with the remaining two jurors, including some knowledge of their opinions and values. It was counsels' impression that the potential jurors would be more likely to sympathize with a plaintiff's position in a negligence action. On this record, the trial court did not err in finding that the defendant's racially neutral explanations were sufficient to rebut the presumption of a discriminatory motive for striking the six black jurors on the panel. See *Gamble v. State*, 257 Ga. 325, 327 (5) (357 SE2d 792) (1987).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 21, 1994 —
RECONSIDERATION DENIED JULY 25, 1994.

*Charles R. Reddick*, for appellants.

*Young, Clyatt, Turner, Thagard & Hoffman, Sherry S. Harrell, George H. Wynn*, for appellee.