## S08A0233. VALDIVIA v. THE STATE.
### (657 SE2d 230)

CARLEY, Justice.

After a jury trial, Ambrocio Valdivia was convicted of two counts of malice murder and one count of aggravated assault with a deadly weapon. The trial court sentenced Valdivia to two life sentences for the murders and to a consecutive 20-year term of imprisonment for aggravated assault. Valdivia filed a motion for new trial, after the denial of which he now brings this appeal.*

1. The three victims were attending a party at an apartment complex. They knocked on the door of Valdivia's unit, in the mistaken belief that they could buy beer at that location. Prosecution witnesses testified that Valdivia shot all three men and fled. Two of them died, and the third was wounded. Valdivia was arrested a short time later, not far from the scene of the shootings. In his post-arrest statement, he claimed that he ran away after the victims began to beat him.

When construed most strongly in support of the jury's verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Valdivia was guilty of the two murders and aggravated assault with a deadly weapon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Valdivia contends that the trial court failed to insure that the State exercised its peremptory jury strikes in a racially neutral manner. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). However, the record demonstrates that he never raised this issue below. " '[A]ny claim under *Batson* should be raised prior to the time the jurors selected to try the case are sworn.' [Cit.]" *Greene v. State*, 260 Ga. 472, 473 (1) (396 SE2d 901) (1990).

The transcript shows that the trial court, on its own motion, asked the prosecutor to explain his strikes. After hearing the reasons that were presented, the trial court expressed concern, but concluded by stating "let's move forward at this time." Valdivia did not object, and the jury was sworn thereafter. "Because [he] failed to raise this issue prior to the time the jurors were sworn, he did not properly preserve it for our review." *Greene v. State*, supra.

3. Valdivia enumerates as error the trial court's charge that, in assessing the testimony of the witnesses who identified him as the shooter, the jury could consider the level of certainty they expressed

* The crimes were committed on October 14, 2001, and the grand jury indicted Valdivia on January 2, 2002. The jury returned the guilty verdicts on February 13, 2004, and the trial court entered the judgments of conviction and imposed the sentences on February 25, 2004. Valdivia filed a motion for new trial on March 1, 2004, which the trial court denied on September 8, 2006. The notice of appeal was filed on September 20, 2006, and the case was docketed in this Court on October 12, 2007. The appeal was submitted for decision on December 3, 2007.

in naming him. The instruction was erroneous. *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005). However, it also was requested by the defense. Thus, even though "the charge was incorrect, such invited error is not grounds for reversal. [Cits.]" *Barnes v. State*, 269 Ga. 345, 356 (19) (496 SE2d 674) (1998). Moreover, since the witnesses who identified Valdivia as the shooter had known him previously, some for many years, the instruction was harmless. *Jones v. State*, 282 Ga. 306, 307 (4) (647 SE2d 576) (2007).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.