## 60384. SCOGGINS v. THE STATE.

Carley, Judge.

Appellant brings this appeal from his convictions of three counts of arson in the second degree, one count of criminal attempt to commit arson in the second degree, and two counts of motor vehicle theft.

1. In his first enumeration of error appellant contends that the evidence presented at trial was insufficient to support his convictions. Appellant asserts that the evidence instead clearly supported his defense of insanity, and that the prosecution failed to offer evidence corroborating appellant's written confession.

We do not find these contentions to be supported by the record. Appellant's confessions were more than adequately corroborated by proof that the crimes to which he had confessed were performed almost precisely in the manner set forth in the confessions. Proof of the corpus delicti is sufficient to corroborate a confession. See *Ray v. State of Ga.,* 120 Ga. App. 227 (170 SE2d 44) (1969).

The courts of this state follow the rule that defendants in criminal cases asserting the defense of insanity must prove their insanity at the times in question *by a preponderance of the evidence.* See *Boswell v. State,* 243 Ga. 732 (265 SE2d 470) (1979); Grace v. Hopper, 566 F2d 507 (5th Cir.) cert. den. 439 U. S. 844 (99 SC 139, 58 LE2d 144) (1978). This court will not overturn the jury's finding that appellant was sane at the times the crimes were committed absent a clear showing that the evidence demanded a finding that appellant was insane at such times. *Revill v. State,* 235 Ga. 71, 74 (218 SE2d 816) (1975). The evidence here was sufficient to support the verdict of guilty and did not demand a verdict of not guilty by reason of insanity. *Hulsey v. State,* 233 Ga. 261 (1) (210 SE2d 797) (1974). Appellant's first enumeration of error is accordingly without merit.

2. Appellant next asserts that the trial court erred in admitting into evidence appellant's confessions and his reenactment of the acts of arson with which he was charged because the confessions and the

reenactment were not proffered voluntarily. In support of this argument, appellant cites the case of Blackburn v. Alabama, 361 U. S. 199 (80 SC 274, 4 LE2d 242) (1960), in which the United States Supreme Court reversed a conviction based upon a confession where *"the evidence indisputably establishes* the strongest probability that Blackburn was insane and incompetent at the time he allegedly confessed." (Emphasis supplied.) Blackburn, p. 207, supra.

"Blackburn, Fikes v. Alabama, 352 U. S. 191 (1957) and Spano v. New York, 360 U. S. 315 (1959) . . . do not establish the proposition that one who suffers some mental or emotional impairment cannot give a valid confession . . . A mere showing that one who confessed to a crime may have suffered from some mental disability is not a sufficient basis upon which to exclude the statement." *Corn v. State,* 240 Ga. 130, 135, 136 (240 SE2d 694) (1977), cert. den. 436 U. S. 914 (98 SC 2255, 56 LE2d 415), reh. den. 438 U. S. 908 (98 SC 3130, 57 LE2d 1152) (1978).

The trial court held a Jackson v. Denno hearing on the issue of the voluntariness of appellant's confessions and ruled that the confessions were proffered voluntarily. At the time of the hearing the trial judge had the benefit of appellant's vociferous argument that he lacked the requisite mental capacity to waive his constitutional rights in this regard. Our review of the record discloses evidence supporting the trial court's ruling. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." *Gates v. State,* 244 Ga. 587, 590-591 (261 SE2d 349) (1979). Appellant's second enumeration is thus unpersuasive.

3. In his third enumeration of error appellant submits that "[t]he trial court committed reversible error by charging the jury that the burden of proving insanity was upon the Appellant 'to the reasonable satisfaction of the jury,' thereby elevating the presumption of sanity above the presumption of innocence in violation of the Appellant's right to due process of law . . ." This contention is controlled adversely to appellant by the decision of the Georgia Supreme Court in *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975), cert. den. 423 U. S. 1066 (96 SC 806, 46 LE2d 657) (1976), in which the court, ruling on the validity of a charge identical to the "insanity" charge in the instant case, stated that "the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime." *Grace v. Hopper,* supra, p. 674. Appellant's argument that the trial court's charge on the defense of insanity in this case equates with the charge on "presumed intent" struck down by the United States Supreme Court in Sandstrom v. Montana, 442 U.S. 510 (99 SC 2450,

61 LE2d 39) (1979) is consequently unavailing.

4. Appellant further complains that the trial court erred in failing to charge the jury that the state had to rebut beyond a reasonable doubt the legal presumption that appellant was innocent. This assertion is wholly without merit. The record in this case clearly discloses that the trial court *did* in fact charge the jury that the state had to overcome the presumption of appellant's innocence by introducing competent evidence proving appellant guilty beyond a reasonable doubt of the crimes with which he was charged.

5. In his fifth enumeration of error appellant contends that the trial court committed reversible error by failing to charge the jury, in connection with that portion of the charge dealing with the form of the verdict, that the prosecution had the burden of proving beyond a reasonable doubt that appellant was guilty of arson and criminal attempt to commit arson. The specific portion of the charge to which appellant objects reads as follows: "On the other hand, if after a consideration of all the evidence as related to [the three counts of arson and one count of criminal attempt to commit arson], you feel that the State has not carried the burden and has not proved *to a moral and reasonable certainty* that the defendant is guilty of the offenses charged in these four counts of this indictment, then and in that event the form of your verdict would be as to any one of the counts or any combination of them, we, the jury, find the defendant not guilty [as to the appropriate count or counts.]" (Emphasis supplied.)

The transcript of the entire charge given by the trial court affirmatively discloses that the jury was repeatedly informed of its duty to return a guilty verdict or verdicts against appellant *only if* it decided that the state had proven each and every element of the crimes charged beyond a reasonable doubt. At several points during the charge, the trial court correctly informed the jury that the state had to prove appellant's guilt "to a moral and reasonable certainty *and* beyond a reasonable doubt." See *Franklin v. State,* 245 Ga. 141, 153, fn. 10 (263 SE2d 666) (1980). The fact that the trial court coupled the phrase "to a moral and reasonable certainty" with the required phrase "beyond a reasonable doubt" in *all but one of the* instances in which the "moral and reasonable certainty" language was charged demonstrates that the one instance cited as error by appellant constituted, at most, no more than an innocuous "slip of the tongue" by the trial court. We find that the charge, taken as a whole, did not shift any burden to the defendant or lessen the state's burden of proof. See *Clark v. State,* 144 Ga. App. 33, 34-35 (240 SE2d 306) (1977). Appellant has shown no harmful error in this regard, and his fifth enumeration of error is accordingly without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED NOVEMBER 19, 1980 —
REHEARING DENIED DECEMBER 3, 1980 —

*Philip B. Spivey,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.