73487. HAMILTON et al. v. THE STATE.
(351 SE2d 705)

DEEN, Presiding Judge.

Appellants Hamilton and McDuffie were apprehended at the culmination of a cross-country chase that would have done credit to the Keystone Cops. Appellants and others (allegedly the only true culprits) had rendezvoused in bars and on back roads; they had frantically shifted contraband from one vehicle to another and yet another; they had repeatedly swapped vehicles, arriving at a rendezvous in one and departing in another. When police officers came upon them in the midst of the drug transaction, they fled over hill, over dale; and, near the end of the chase, they made a spectacular end-around run of a police roadblock. As soon as he saw police approaching, one of the alleged miscreants had fled into a nearby woods and disappeared; another, finally hemmed in by police after the hectic chase, jumped from a bridge into a swamp and was never seen again. In spite of it all, the pursuing police managed to "keep their cool" and run to ground the two appellants here when the latter were boxed in by officers posted at the far end of the bridge (the same from which the third person had leaped) towards which the dogged pursuers had chased the fleeing vehicles. Bales of marijuana were found in the automobile which Hamilton and McDuffie were driving at the time of their apprehension, and the two were indicted for trafficking in marijuana in violation of OCGA § 16-13-31 (c).

Appellants contended at trial that they were innocent dupes who had been tricked by two con artists into participating in the drug transaction on the pretext that one of the alleged dealers had wanted to inspect Hamilton's truck with a view to purchasing it; and that, moreover, both Hamilton and McDuffie had lost their own vehicles to the dupesters. A Telfair County jury found both appellants guilty, and they received identical sentences of five years' imprisonment to be followed by fifteen years' probation, the probation conditional upon payment of a $25,000 fine. McDuffie and Hamilton appeal from this judgment, enumerating as error (1) the prosecution's use of pe-

remptory challenges to exclude blacks, resulting in an all-white jury to try the two black defendants, in violation of the equal protection provisions of the federal and state constitutions; and (2), (3) the impermissible expansion of the definition of "trafficking" to include constructive as well as actual possession, and the court's so instructing the jury. *Held*:

1. First examining the second and third enumerations, we find that appellants' attempt to place the discovery of the contraband outside the coverage of OCGA § 16-13-31 (c) by characterizing their relationship to the marijuana found in the automobile as "constructive" rather than "actual" possession is at best an attempt to make a distinction without a difference, and at worst an outright misrepresentation of the facts. Our scrutiny of the statute itself, and of the case law based upon it, indicates clearly that at the time of their apprehension appellants were in actual possession of the contraband, in the sense in which the legislature intended that term to be understood. See *Evans v. State*, 167 Ga. App. 396, 397 (306 SE2d 691) (1983). This enumeration is without merit.

2. Earlier this year the United States Supreme Court, in *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986), held that when a prosecutor uses peremptory challenges to strike all black veniremen from a jury, the defendant is deprived of equal protection; and that, unless the prosecutor can present a racially neutral explanation for the elimination of racially discrete jurors through peremptory challenges, a "guilty" verdict arrived at by the jury is subject to reversal and remand. Pretermitting the question of *Batson's* retroactivity *vel non* on direct appeal as distinguished from collateral review, we conclude that the holding in that case is inapposite to the case *sub judice*. See *Allen v. Hardy*, 478 U. S. ___ (106 SC ___, 92 LE2d 199) (1986); see also *Bowden v. Kemp*, 256 Ga. 70 (344 SE2d 233) (1986). Scrutiny of the record (including the trial transcript) reveals that neither at trial nor in his original or amended motions for new trial did appellant Hamilton raise the equal protection issue. In *Batson* defense counsel, before the jurors were sworn, moved that the jury be discharged because of the prosecutor's use of peremptory challenges to produce an all-white jury, thereby allegedly violating Batson's constitutional right to equal protection. Thus in *Batson* the issue was properly raised at trial level. It is well settled that an error not raised below cannot be reviewed by the appellate court. *White v. State*, 174 Ga. App. 699, 701 (331 SE2d 72) (1985); *Davis v. State*, 158 Ga. App. 549, 552 (281 SE2d 305) (1981).

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1986 —
REHEARING DENIED DECEMBER 16, 1986.

*John C. Tyler*, for appellants.
*James L. Wiggins*, District Attorney, *Timothy G. Vaughn*, Assistant District Attorney, for appellee.