## 76312. ROSE v. THE STATE.
(368 SE2d 539)

DEEN, Presiding Judge.

Appellant was found guilty on two counts of aggravated child molestation, consisting in part of forcing oral sex on the child, and innocent on a charge of aggravated assault. He moved for new trial on

the general grounds and on the ground of an unspecified violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and corresponding portions of the Constitution of Georgia. He subsequently filed an amended motion, alleging that the trial court erred in not giving an instruction on enticing a child for indecent purposes in conjunction with the instructions on aggravated child molestation, and that the court had further erred in not excusing a juror who allegedly informed the court that she could not listen to the evidence, the arguments of counsel, and the court's charge on the law and thereafter make an impartial judgment. Upon denial of the amended motion for new trial, he appeals to this court, enumerating as error the trial court's failure to strike for cause the juror who had stated that she could not render a fair and impartial verdict. *Held*:

The following *verbatim* excerpt from the trial transcript indicates what occurred during the episode to which appellant's enumeration of error refers. (Defense counsel is conducting *voir dire* and has just asked each of the panels of potential jurors to indicate by a show of hands how many are either parents or grandparents.)

" '[S]ome of you [are] parents and some of you [are] grandparents. I would ask you can you honestly answer whether or not you can sit with a fair and impartial mind and listen to the facts of the case and make a judgment on these facts . . . , [or] does the fact that you have children or grandchildren [mean] that you cannot listen to the facts of this case and make an honest and sincere opinion as to what the verdict should be?'

"(Thereupon, two jurors responded in the affirmative.)

"(Thereupon, a discussion [at the bench] was held off the record.)

"The Court. 'Now, the two ladies that just answered [defense counsel's] question, could you listen to all the evidence . . . and argument of counsel and the charge of the Court . . . and then render a fair and impartial verdict according to the evidence and the law given to you in charge. . . .?'

"(Thereupon, one juror responded in the affirmative and one juror responded in the negative.)

"The Court: 'All right, the *juror who feels that they [sic] could not do so, you are excused.*' (Emphasis supplied.)

"(Thereupon, *said juror was excused.*)" (Emphasis supplied.)

The court then asked if there was anyone else who could not listen to the evidence, the argument, and the charge and then render fair and impartial verdicts — to which query there was no response. The court further inquired whether there was anyone whose impartiality had been adversely affected by publicity in the media, and again there was no response. The court then remarked, "They seem to be qualified." The jury was then selected and the trial commenced. The

record does not reveal whether the juror who was not excused was chosen for the trial. The transcript does indicate, however, that defense counsel made no objection, motion, or other exception to the array or to the composition of the jury.

The official court reporter of the Dougherty Judicial Circuit certified the trial transcript to be "a true and accurate" transcript. The record reveals no attempt, by defense counsel or anyone else, to traverse, traduce, or impugn the accuracy of the transcript. By raising no objection, defense counsel waived the right to except to the jury's composition, either at the trial level or on appeal. *Sanders v. State*, 181 Ga. App. 117 (351 SE2d 666) (1986); *Hamilton v. State*, 181 Ga. App. 279 (351 SE2d 705) (1986). Moreover, our examination of the record in its entirety indicates that the error enumerated on appeal simply did not occur. See *Tennon v. State*, 235 Ga. 594, 595 (220 SE2d 914) (1975); *Williams v. State*, 162 Ga. App. 363, 365 (291 SE2d 89) (1982). We find no merit in appellant's assignment of error.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 4, 1988.

*Billy C. Mathis, Jr.*, for appellant.
*Hobart M. Hind, District Attorney*, for appellee.