## A89A1789. SHORTER v. THE STATE.
(387 SE2d 427)

SOGNIER, Judge.

Darryl Keith Shorter was convicted on charges of burglary, possession of a firearm during the commission of a crime, and on three counts of aggravated assault. He appeals.

1. Appellant enumerates the general grounds. Three eyewitnesses testified that appellant was one of five men who broke into the apartment of Mario Rowland and shot Rowland and two others inside the apartment. Appellant's statement in which he admitted being armed with a shotgun and entering the apartment after one of his co-defendants kicked in the apartment door was admitted into evidence. Another co-defendant testified as to appellant's involvement in the attack on Rowland's apartment and stated that appellant fired the shot which blinded one of Rowland's guests. We find this evidence sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes charged under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by admitting testimony by Derrick Maddox and Frank Jones about bribes offered to them by appellant and testimony by Rowland's mother about telephone threats her son had received from appellant. The transcript reveals, however, that as to Maddox and Jones, not only did appellant make no objection to the admission of this evidence, appellant's counsel cross-examined the witnesses on the matter, asking the witnesses whether they had demanded appellant pay them money, rather than the version proffered by the witnesses. As to Rowland's mother, the only objection made to her testimony is addressed in Division 3, infra, and appellant's counsel cross-examined the witness as to her maternal bias.

"Enumerations of error which raise questions for the first time on appeal present nothing for decision." (Punctuation and citations omitted.) *Cooper v. State*, 188 Ga. App. 297, 298 (3) (372 SE2d 679) (1988).

3. Appellant contends the trial court erred by allowing Rowland's mother to testify because her name did not appear on the State's list of witnesses and she remained in the courtroom and heard testimony after the rule of sequestration had been invoked. The transcript reveals that the prosecutor informed the court that after Rowland had testified, including statements that appellant had not made telephone threats to him, Rowland's mother approached the prosecutor and stated that she had had five or six conversations with Rowland in which he had related to her bribes and threats appellant had made to him. The prosecutor stated he had not been aware of this evidence

until 45 minutes before he sought to introduce it. After appellant's counsel objected to her testifying, the trial court instructed the jury that the witness had been present in the courtroom during part of the previous testimony and that they could use that information to "assess her credibility along with all the other facts and circumstances of the case."

We find no error in the trial court's admission of this evidence despite the violation of the rule of sequestration. See *O'Kelley v. State*, 175 Ga. App. 503, 505 (333 SE2d 838) (1985). Appellant argues admitting this evidence was error because appellant was not allowed to interview the recently discovered witness, citing *Jones v. State*, 181 Ga. App. 651 (353 SE2d 593) (1987). However, the transcript fails to reflect an interview with the witness was ever requested or that the trial court made any ruling on such a request. "The burden is on him who asserts error to show it affirmatively by the record, and this cannot be done by evidentiary assertions . . . in enumerations and briefs." (Punctuation and citations omitted.) *Veit v. State*, 182 Ga. App. 753, 758 (6) (357 SE2d 113) (1987). "It is well settled that an error not raised below cannot be reviewed by the appellate court. [Cits.]" *Hamilton v. State*, 181 Ga. App. 279, 280 (2) (351 SE2d 705) (1986).

4. Appellant has failed to support his fifth, sixth, and seventh enumerations of error by either argument or citation of authority. Therefore, we deem them abandoned pursuant to Rule 15 (c) of this court. *Fowler v. State*, 188 Ga. App. 873, 874 (3) (374 SE2d 805) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 17, 1989.

*F. Jordan Dowdell, Randall S. Rolader*, for appellant.
*Robert E. Wilson, District Attorney, Robert M. Coker, Thomas S. Clegg, Assistant District Attorneys*, for appellee.