A92A0085. VINCENT v. THE STATE.
(418 SE2d 138)

POPE, Judge.

Defendant Myra Smith Vincent and her sister Mattie Smith were charged with aggravated assault, kidnapping, armed robbery, and possession of a firearm during the commission of the other offenses named in the indictment. Defendant's sister pled guilty to all charges. Defendant was tried before a jury and acquitted of aggravated assault and armed robbery but convicted of kidnapping and possession of a weapon during the commission of a felony. She appeals her convictions.

The evidence adduced at trial reveals that the victim, Albert Gross, had known defendant and her sister for about 15 years and had gone to school with the sisters' nephew. On February 23, 1990, at approximately 5:00 p.m., the victim drove over to the sisters' home in DeKalb County in his truck to visit them. Immediately after Gross

was let into the house by Mattie Smith, she fired two shots at the victim both of which hit him in the neck. The victim fell to the floor. Mattie Smith went through the pockets of his shorts and told the victim that she was sorry it had to be him, but the sisters were late with their rent and were going to be evicted from their home. The victim was then wrapped in a blanket and dragged into a second room in the house. Although the victim was in shock, he remained conscious throughout the remainder of his ordeal. As time passed, the victim heard the voices of Mattie Smith, defendant and the sisters' mother in the house.

While he lay on the floor in the second room, the victim was shot a third time. He did not see who fired the gun. Sometime thereafter, he was shot a fourth time. This time when he looked up from the floor, he saw the defendant walk by the door of the room in which he lay. Over a period of many hours, the sisters periodically came into the room where the victim was lying and checked him to see if he had passed out. Each time the victim pled with the sisters to take him to the hospital. Apparently, this went on for hours. At one point the victim pulled himself to his feet and ran to the sisters' mother begging her to get help, but the sisters threatened to kill the victim and forced him back into the room. Finally, at some early hour in the morning, the sisters decided to take the victim out of the house. Mattie Smith tied the victim's hands with cord, and the sisters attempted to carry him out to his truck. The victim, however, was too heavy so the sisters discussed the possibility of getting another man to help them. Gross, believing his only chance of survival was to get away from the house, encouraged the sisters to drag him outside the house, where he used his arms to help the sisters pull him into the passenger side of his truck. Defendant drove the truck for a long time while the victim, who lay on the floor of the truck with his hands tied, pled for his life. Eventually, defendant stopped the vehicle on a highway in Douglas County, and the sisters rolled the victim out of the truck and down an embankment. Mattie Smith walked down the hill and shot the victim two more times at close range. After the sisters drove off in the truck, the victim managed to pull himself up the embankment to the highway, where a passing truck driver noticed him and called an ambulance.

Mattie Smith testified during trial that the victim had come to her house to provide her with cocaine, that he was hostile, and that she "flipped out" and attacked him while she was under the influence of drugs. She further testified that defendant was not at home during the shootings and never held the gun or participated in the aggravated assault or armed robbery. She did admit, however, that defendant drove the truck and the victim to Douglas County. The victim testified that although he never saw defendant with a gun in her

hand, there was no doubt in his mind that she was involved in the crimes that were committed against him. During trial, most of the victim's testimony was corroborated by physical evidence and the testimony by the sisters' landlord.

1. Defendant first contends the trial court erred in not giving charges on lesser included offenses of the offense of possession of a firearm during the commission of a crime, specifically a charge on the offense of "pointing or aiming a gun or pistol at another" person. OCGA § 16-11-102. "Any person concerned in the commission of a crime is a party to it and may be convicted as a principal. [Cits.] An aider or abettor is such a person, as is one who encourages another to commit the crime. [Cit.] The evidence was sufficient to establish that [defendant] was concerned in either or both of these ways in the commission of the crime of [her sister's] actual possession of the firearm during commission of the [aggravated assault, kidnapping, and] armed robbery." *Wilcox v. State*, 177 Ga. App. 596, 597 (340 SE2d 243) (1986). Therefore, the trial court correctly charged the jury on the offense of possession of a firearm during the commission of a crime.

Furthermore, "[i]t is not error for the trial court to refuse to give a lesser included offense charge when the evidence does not reasonably raise the issue. [Cit.]" *Alvarado v. State*, 194 Ga. App. 781, 782 (391 SE2d 668) (1990). In this case, the evidence adduced at trial does not support a charge on pointing or aiming a gun or pistol at another because neither the State nor the defense presented evidence that defendant, at any time, pointed or aimed a gun or pistol at the victim.

We also note that defendant made no request for a charge on any specific crime as a lesser included offense of possession of a firearm during the commission of a crime. The record reveals that defense counsel submitted a request to charge which provided: "Charge on lesser included offenses of (a) Armed Robbery, (b) Kidnapping, (c) Aggravated Assault and (d) Possession of a firearm. . . ." But defendant never specified what he contended those lesser included offenses to be. Failure to charge on a lesser included offense is never error absent a written request to do so. *Emmett v. State*, 199 Ga. App. 650 (2) (405 SE2d 707) (1991). Because defendant never made a written request to charge on the offense of "pointing or aiming a gun or pistol at another person," the trial court did not err in failing to give such a charge. See *French v. State*, 199 Ga. App. 873, 874 (1) (406 SE2d 526) (1991).

2. Defendant next alleges that the evidence was insufficient to support the verdict of guilty of kidnapping and contends that, at the most, the evidence establishes the crime of false imprisonment. "The essential difference between the two offenses is that kidnapping involves the additional element of asportation. See OCGA §§ 16-5-40

(a); 16-5-41 (a)." *Raysor v. State*, 191 Ga. App. 422, 423 (2) (382 SE2d 162) (1989). The transcript reveals that defendant assisted her sister carry and lift the victim into his truck and drove the truck to Douglas County where his body was dumped. We find that a rational trier of fact could have found defendant guilty beyond a reasonable doubt of assisting her sister in the kidnapping of the victim. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). "We reject as too unreasonable to warrant serious consideration the [defendant's] contention that the jury might have found [her] guilty of the lesser offense based on a determination that the victim had accompanied [her] voluntarily [into the truck by virtue of his helping pull his bullet-riddled body into the vehicle.]" *Raysor v. State*, supra at 423.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 9, 1992.

*Hurl R. Taylor, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Robert W. Houman, Barbara B. Conroy, Assistant District Attorneys*, for appellee.