## S93A0603. WILCOX v. THE STATE.
### (430 SE2d 741)

SEARS-COLLINS, Justice.

On May 30, 1991, Leroy Wilcox, the appellant, was living with his mother, Minerva Wilcox. That night, while the appellant was eating and watching television, his brother, Eddie Wilcox, the victim, came to the house. The record reveals that the victim was intoxicated, and he began to argue with the appellant about the appellant's living arrangements with their mother. The victim was also upset because he thought the appellant was eating food which the victim had provided for their mother and the victim's child. During the course of the argument, the appellant retrieved a gun from his bedroom and shot the victim once in the chest, killing him. The appellant called the police, and when they arrived the appellant admitted shooting the victim but claimed to have done so in self-defense, as the victim had been threatening him verbally, with a kitchen fork and with his fists. The appellant was convicted of felony murder and possession of a firearm during commission of a crime.[1] We affirm.

1. On cross-examination of Mrs. Wilcox at trial, the appellant asked "isn't it a fact that you and Eddie had had it out before?" The trial court refused to allow the witness to respond because advance notice of an intention to introduce such evidence had not been given to the state, pursuant to the mandates of *Chandler v. State*, 261 Ga. 402, 407 (405 SE2d 669) (1991). The appellant then withdrew the question.

In *Chandler*, this Court held that "evidence of specific acts of violence by a victim against third persons shall be admissible where the defendant claims justification" only if advance notice is given to the prosecution. Id. The appellant now argues that *Chandler* does not apply to this case because he was not attempting to introduce evidence of *violence*, but merely evidence of previous *arguments*, which was admissible as impeachment evidence because the prosecution had portrayed the victim's relationship with the mother as peaceful. During the trial, however, in response to the court's inquiry into the purpose of the evidence sought to be presented, the appellant said nothing about impeachment, but stated that he was seeking "evidence of the violent character of the [victim]" to show that the victim was "ag-

---

[1] The crimes were committed on May 30, 1991. The appellant was indicted on July 31, 1991, tried December 9-10, 1991, and sentenced on December 10, 1991, to life in prison for murder and five years for the possession charge, to run consecutively. The appellant filed a motion for new trial on January 22, 1992. The transcript was certified by the court reporter on January 25, 1992, and the appellant's motion for new trial was denied on October 1, 1992. The appellant filed a notice of appeal on October 15, 1992, and an amended notice of appeal December 18, 1992. The appeal was docketed in this Court on January 11, 1993, and submitted without oral argument on February 25, 1993.

gressive" and had a "violent nature." It was on that basis that the trial court found the evidence inadmissible under *Chandler*, and on that basis there was no error. We will not consider whether the trial court erred in refusing to admit the evidence for a purpose raised for the first time on appeal, when the appellant affirmatively stated a different and invalid purpose at trial. See generally *Dept. of Nat. Resources v. Coweta County*, 261 Ga. 484 (405 SE2d 470) (1991).

2. Based on the witness' special knowledge derived from experience, it was not an abuse of the trial court's discretion to allow the forensic scientist who testified as an expert for the state to also testify as to the *effects* of alcohol on the victim's system. See *Brown v. State*, 245 Ga. 588, 589-590 (266 SE2d 198) (1980).

3. When considered in the light most favorable to the verdict, we find that the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the appellant is guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 21, 1993 —
RECONSIDERATION DENIED JULY 15, 1993.

*Allen & Morrell, Roy L. Allen II,* for appellant.
*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.