## A94A2156. DUNTON v. THE STATE.
(453 SE2d 800)

RUFFIN, Judge.

Juan Dunton was indicted for rape and kidnapping and after a trial by jury, convicted of the rape. This appeal follows the denial of Dunton's motion for a new trial.

At trial, the evidence showed that the victim first encountered Dunton in front of a convenience store when she was attempting to repair her car and he offered assistance. After getting the car started, Dunton and the victim drove around town for several hours while Dunton smoked crack cocaine. The rape occurred after Dunton pulled into a heavily wooded area and the car stopped running. Although Dunton testified the victim smoked cocaine with him and agreed to have intercourse with him in exchange for cocaine, the victim denied both these assertions.

On appeal, Dunton contends the trial court erred in granting the State's motion in limine, prohibiting him from cross-examining the victim concerning whether she had used cocaine in the past. Dunton argues that since the State's direct examination of the victim portrayed her as a woman who was naive to the drug scene, he should have been able to rebut the inference of naiveté and probe her credibility with questions concerning prior drug use. We disagree.

"The right to a thorough and sifting cross-examination is not abridged when the trial judge limits it to relevant matters. *Stephens v. State*, 207 Ga. App. 645, 646 (1) (428 SE2d 661) (1993)." *Peterson v. State*, 212 Ga. App. 31, 33 (3) (441 SE2d 267) (1994). In the instant case, the record does not support Dunton's assertion that during the State's examination of the victim, it portrayed her as a woman naive to the drug scene. Moreover, whether the victim used drugs in the past or was generally knowledgeable about illegal drugs is irrelevant to the issue of whether Dunton committed the offenses of rape and kidnapping. Rape is no more lawful when committed against a woman who uses cocaine than it is against one who does not use cocaine. Furthermore, " '[i]nstances of specific misconduct may not be used to impeach a witness' character or veracity unless the misconduct has resulted in the conviction of a crime involving moral turpitude. . . .' [Cits.]" *Woods v. State*, 210 Ga. App. 172, 173 (1) (435 SE2d 464) (1993). Since no such conviction has been shown to exist in this case, we find no error in limiting Dunton's cross-examination of the victim.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1995.

*Jennifer B. Mann*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Elisabeth*

*G. Macnamara, Assistant District Attorneys,* for appellee.