## A96A1639. DUKES v. THE STATE.
### (480 SE2d 340)

BLACKBURN, Judge.

Victor Dukes appeals his conviction for aggravated assault. In the course of a drug transaction gone wrong, Dukes shot the victim, Quinton Nealy, Jr., on the left side, near the chest. Dukes now contends that the evidence was insufficient to support his conviction, that the trial court erred in sustaining the State's objections to certain questions propounded by Dukes' counsel, and that a mistrial should have been granted for prosecutorial misconduct. Dukes further contests several jury charges and argues that the court erroneously ruled on the admissibility of certain evidence.

1. Reviewing Dukes' challenge to the sufficiency of the evidence, "[o]n appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Hight v. State,* 221 Ga. App. 574 (1) (472 SE2d 113) (1996). The standard of review applied in determining the sufficiency of the evidence is that of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewing the evidence in the light most favorable to the verdict, Dukes was sitting outside an apartment complex at night when the victim, Nealy, approached on foot. Dukes asked Nealy for marijuana, and the parties agreed to an even exchange of marijuana for cocaine. After the transaction was completed, Nealy protested that Dukes had not given him an equal amount of cocaine for the marijuana he had provided Dukes. An argument ensued, and Dukes pulled a gun from beneath his shirt and shot Nealy. Nealy testified that he was unarmed, and that he had not physically threatened or struck Dukes in any manner prior to being shot. Police recovered a .25 caliber spent shell casing from the scene of the incident, and, upon arresting Dukes, found in his vicinity a holster and a clip for a .25 caliber automatic pistol.

Following Dukes' arrest, he made a statement to police in which he admitted shooting Nealy. According to Dukes' statement, the drug transaction was not an even swap, but a purchase of marijuana by Dukes from Nealy. When Nealy failed to give Dukes his change after making the sale, Dukes shot him. Dukes also claimed that Nealy

punched him prior to being shot.

Applying the standard of *Jackson v. Virginia,* supra, this evidence was sufficient to authorize a rational trier of fact to find Dukes guilty of the offense charged beyond a reasonable doubt. Although Dukes claims that Nealy's testimony was not credible because Nealy was an admitted drug user who was familiar with the drug trade, "[a]n appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citations and punctuation omitted.) *Hight,* supra at 575. Dukes' argument that the State failed to prove the elements of assault because Nealy had no apprehension of being shot is equally without merit, as Nealy repeatedly testified to his fear and apprehension. See OCGA §§ 16-5-20; 16-5-21. The evidence was sufficient to authorize the conviction.

2. Dukes contends the trial court erred in sustaining the State's objections to several questions posed to Nealy during cross-examination.

While questioning Nealy, Dukes' counsel asked him whether he had been employed while in Florida and whether he owned a gun. According to Dukes' enumerated errors, the trial court sustained the State's objections to these questions. However, review of the transcript indicates that the trial court did *not* sustain the State's objections to these questions. The trial court specifically overruled the State's objection to the gun question, and no ruling was made on the State's objection to the employment question. Additionally, Nealy answered both questions before the State even made its objections, and the jury was never instructed to disregard the witness' answers. Inasmuch as "the error enumerated on appeal simply did not occur," Dukes' arguments with respect to these two questions are without merit. *Rose v. State,* 186 Ga. App. 775, 777 (368 SE2d 539) (1988).[1]

In another question propounded by Dukes' counsel, Nealy was asked, "prior to [the date of this incident], how long had you been doing drugs?" Dukes' argument that the State's objection to this question should not have been sustained is without merit, as Dukes argued different grounds to the trial court for overruling the State's objection than he now asserts on appeal.

In response to the State's objection, Dukes' counsel argued that the question at issue was intended to address Nealy's tolerance for

---

[1] The court did sustain the State's objections to questions about whether Nealy ever carried a gun and by whom he was employed in Florida. However, Dukes' enumerations of error do not address these questions, and this Court will not consider Dukes' arguments contained in his brief that the court's rulings on these questions were erroneous. See *Strickland v. State,* 221 Ga. App. 120, 121 (1) (470 SE2d 508) (1996) (" 'error argued in the brief but not enumerated as error will not be considered on appeal' ").

drugs. Nealy had earlier testified to smoking two marijuana ciga-rettes prior to the incident. After considering the tolerance issue, the trial judge sustained the objection to the question as asked, but informed Dukes that this line of questioning would be allowed if Dukes tailored his questions to determine how much Nealy could smoke or drink before becoming affected by the substances.[2]

Despite the fact that the trial court specifically gave Dukes per-mission to question Nealy on tolerance, Dukes does not argue toler-ance on appeal, but instead asserts that the question should have been allowed because the State opened the door by placing Nealy's character in issue. This situation is similar to that of *Wilcox v. State*, 263 Ga. 293 (430 SE2d 741) (1993), where in cross-examining a State's witness, defense counsel argued one ground to the trial court for the admissibility of the evidence and, when his question was not permitted, argued a different ground to the Supreme Court for the admissibility of the evidence. As the *Wilcox* court held, "[w]e will not consider whether the trial court erred in refusing to admit the evi-dence for a purpose raised for the first time on appeal, when the appellant affirmatively stated a different . . . purpose at trial." Id. at 294. Accordingly, Dukes' arguments with respect to this issue are without merit.

In his last argument regarding questions posed to Nealy, Dukes contends the trial court erred in sustaining the State's objection to the question, "[h]ave you ever smoked crack cocaine?" The State objected without stating any grounds, and the trial court sustained the objection without explanation.

Although Dukes argues that the State opened the door to this line of questioning by asking Nealy about this particular drug trans-action, "instances of specific misconduct may not be used to impeach a witness' character or veracity unless the misconduct has resulted in the conviction of a crime involving moral turpitude." (Citations and punctuation omitted.) *Dunton v. State*, 216 Ga. App. 191 (453 SE2d 800) (1995). Moreover, although this incident did involve drugs, Nealy's past use of crack cocaine was unrelated to the ques-tion before the jury — whether or not Dukes committed an aggra-vated assault upon Nealy. See generally *Goodwin v. State*, 208 Ga. App. 707 (1) (431 SE2d 473) (1993) (victim's prior use or purchase of cocaine irrelevant to defendant's prosecution for aggravated assault).

Additionally, in connection with the drug transaction forming the basis of this case, a multitude of evidence was introduced regard-

---

[2] In this same discussion with the bench, Dukes' counsel informed the court that he also intended to ask Nealy how long he had been dealing drugs. The court ruled that Dukes could not ask this question, but as Dukes has not enumerated this ruling as error, it is not before us.

ing Nealy's familiarity with drugs, including the fact that he had smoked two marijuana cigarettes prior to seeing Dukes, that he and Dukes had traded marijuana for cocaine, that he already had some cocaine on his person when he encountered Dukes, and that he was familiar with the packaging methods for crack cocaine. "Even assuming arguendo that the trial court erroneously refused the testimony, such exclusion was wholly harmless where other evidence of the same facts was introduced and admitted." (Citations and punctuation omitted.) *Rainey v. State*, 216 Ga. App. 557, 559 (3) (455 SE2d 73) (1995). Other evidence of Nealy's drug use was introduced and admitted, and Dukes has failed to show how exclusion of the crack cocaine evidence harmed him. Additionally, "a conviction will be affirmed despite error if the error is harmless beyond a reasonable doubt." (Citations and punctuation omitted.) *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991). In this case, the overwhelming evidence of Dukes' guilt negates the possibility that any error which occurred regarding the exclusion of this evidence contributed to the conviction. Id.

3. Dukes claims the trial court erred in denying his motion for mistrial based on prosecutorial misconduct. After the admissibility of Dukes' custodial statement had been established, and as a police officer was preparing to read the statement to the jury, the prosecutor distributed copies of the statement to the jurors. Dukes' counsel immediately requested a bench conference, and the jury was instructed to leave the copies of the statement in the jury box and retire to the jury room. The statements were collected by a deputy prior to the jury's return.

Although Dukes contends on appeal that this action amounted to prosecutorial misconduct, the issue of prosecutorial misconduct was never raised below. The trial court never ruled on this issue, and in making his motion for mistrial, Dukes' counsel argued only the propriety of permitting the jury to review the statement. Where prosecutorial misconduct is not raised below, "[t]he contemporaneous objection rule cannot be avoided by characterizing trial occurrences as examples of prosecutorial misconduct." (Citations and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (4) (458 SE2d 671) (1995). This is so even where, as here, an objection is interposed. Id. Additionally, "[i]t is well settled that this court will not consider issues raised for the first time on appeal." (Citations and punctuation omitted.) *Norris v. State*, 220 Ga. App. 87, 90 (4) (469 SE2d 214) (1996). This enumeration is therefore without merit.

4. During the course of the police investigation, Detective Berry interviewed Nealy at the hospital. At trial, Dukes' counsel provided the lead detective in the case, Detective Greene, with a copy of Berry's interview notes, and then questioned Greene as to the con-

tents of those notes. The State's objection on hearsay grounds was sustained, and Dukes enumerates this ruling as error.

Dukes cites OCGA § 24-3-2 for the proposition that the detective should have been allowed to testify from his colleague's notes. That section provides: "[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." Dukes argues Greene should have been permitted to testify from Berry's notes in order to explain the conduct of the police investigation.

Dukes' argument is without merit. "Only in rare instances will the conduct of an investigating officer need to be explained; as in practically every case, the motive, intent, or state of mind of such an officer will not be matters concerning which the truth must be found." (Citations and punctuation omitted.) *Thompson v. State*, 201 Ga. App. 646, 648 (3) (411 SE2d 886) (1991). Additionally, OCGA § 24-3-2 notwithstanding, "[w]e find no authority which indicates that investigators may testify to the fruits of their investigations without regard for the hearsay rule; rather such witnesses are bound by that rule and must testify from their own first-hand knowledge alone." (Citation and punctuation omitted.) *Jones v. State*, 247 Ga. 268, 272 (9) (275 SE2d 67) (1981), cert. denied, 454 U. S. 817 (102 SC 94, 70 LE2d 86) (1981).

Greene had no first-hand knowledge of what Nealy said to Berry while in the hospital, and Dukes did not present or proffer any evidence at trial that Greene himself, and not Berry, took specific actions following the interview of Nealy which required explanation. As Dukes failed to demonstrate the necessity of explaining any conduct of Detective Greene made in response to the notes of another officer, OCGA § 24-3-2 was not applicable in this situation, and the trial court correctly sustained the State's objection to the hearsay testimony.

5. Dukes testified on his own behalf, admitting on direct examination that he had done community service work in connection with a charge for disorderly conduct. On cross-examination, Dukes admitted that he had been arrested on this charge, and the State tendered over Dukes' objection a booking photograph made of Dukes at the time of that arrest. Dukes argues his objection to the relevancy of the photograph should have been sustained.

As a preliminary matter, because Dukes had already testified to the prior offense, he had injected his character into evidence, so the booking photo did not impermissibly place his character in evidence. With respect to the relevancy objection, Dukes himself made his arrest on the prior offense relevant by testifying about the disorderly conduct on direct examination. "Photographs which are material and

relevant to any issue are admissible even though they may be *duplicative* and inflame the jury." (Citations and punctuation omitted; emphasis in original.) *Rash v. State*, 207 Ga. App. 585, 587 (4) (428 SE2d 799) (1993). In *Rash*, a book-in photograph from a prior offense was admitted to show the identity of the defendant as the perpetrator of the prior offense, even though the defendant's identity had been established. Id. Likewise, the trial court did not err in admitting the book-in photograph of Dukes as proof of his arrest even where the fact of his arrest had been established.

6. Dukes enumerates two errors regarding the court's charge to the jury. In the first, he contends the trial court erred in failing to charge the jury on pointing a pistol at another, OCGA § 16-11-102, a lesser included offense of aggravated assault. See *Fowler v. State*, 188 Ga. App. 873, 874 (4) (374 SE2d 805) (1988). However, "[f]ailure to charge on a lesser included offense is never error absent a written request to do so." *Vincent v. State*, 203 Ga. App. 874, 876 (1) (418 SE2d 138) (1992). Although Dukes submitted a written request to charge entitled, "Lesser Offense Verdict Form," the blanks contained on the form for filling in both the lesser and greater offenses were never completed. That is, the form itself mentions nothing about this particular lesser included offense. This inadequacy prevents the form from being a written request to charge, and Dukes' argument is accordingly without merit. See *Vincent*, supra at 876 (not error to fail to charge lesser included offenses where written request failed to name the lesser included offenses to be charged).

Finally, Dukes maintains the trial court erred when it charged the jury that "[p]rovocation by threats or words alone in no case *justified* the assault in resentment of the provoking words." (Emphasis supplied.) Dukes contends that the judge's use of the word "justified," instead of "justifies," violated OCGA § 17-8-57, the prohibition on expression by the trial judge of his opinion on the evidence. Alternatively, he claims the use of the word "justified" amounted to impermissible burden-shifting.

OCGA § 17-8-57 provides in pertinent part, "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." The Supreme Court held in *Beam v. State*, 265 Ga. 853, 857 (5) (463 SE2d 347) (1995), that "[i]n order to determine whether a trial court has improperly expressed an opinion in its charge as to what has or has not been proved, the whole charge may be considered. OCGA § 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be." (Citations and indention omitted.)

Reviewing the charge as a whole, the sentence which Dukes enu-

merates as error appears not to have been an improper comment by the trial judge on the evidence, but rather a slip of the tongue as to a single word. Just prior to this sentence, the court gave the jury a complete charge on the defense of justification. *Immediately* following the subject sentence, the jury was charged that "whether or not the assault was done under circumstances which would be justifiable or was done solely as a result of and in the resentment of threats or provoking words alone is a matter for you, the jury, to determine." In the very next sentence, the court charged, "[n]ow, if you believe that the defendant was justified under the instructions which I have just given to you, then it would be your duty to acquit the defendant."

Taking the trial judge's conversion of "justifies" to "justified" in context, and considering the whole charge given, this slip of the tongue does not amount to a violation of OCGA § 17-8-57 requiring reversal. See *Marion v. State*, 206 Ga. App. 159, 161 (2) (424 SE2d 838) (1992) (reversal for violation of OCGA § 17-8-57 not warranted where trial court's statement, taken in context of whole charge, did not amount to expression of opinion). Dukes' argument on this issue is therefore without merit.

Dukes also claims that the use of the word "justified" as set forth above impermissibly placed the burden of proving justification upon him. Again, in evaluating Dukes' burden-shifting argument, "[t]he charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same." (Citations and punctuation omitted.) *Garren v. State*, 220 Ga. App. 66, 68 (5) (467 SE2d 365) (1996).

Examination of the whole charge illustrates that immediately following the sentence Dukes enumerates as error, the court charged the jury that whether or not the assault was justifiable was for their determination. The jury was also charged on the defendant's presumption of innocence, the State's burden of proof, the complete defense of justification, and the duty to acquit if justification was found. More importantly, the court also charged the jury that the burden of proof *never* shifts to the defendant. Accordingly, "[w]e find that the charge, taken as a whole, did not shift any burden to the defendant or lessen the state's burden of proof." *Scoggins v. State*, 156 Ga. App. 652, 654 (5) (275 SE2d 676) (1980). As the charge did not impermissibly place the burden of proof upon Dukes, this argument is without merit.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

*John F. Nebl, John H. Tarpley*, for appellant.
*J. Tom Morgan, District Attorney, Desiree S. Peagler, Benjamin M. First, Assistant District Attorneys*, for appellee.