## A99A0784. GRIFFIN v. THE STATE.
### (516 SE2d 588)

Judge Harold R. Banke.

Darnel Griffin was convicted of kidnapping the victim, committing aggravated assaults upon her with intent to rape and with a handgun, theft by taking her automobile, and possession of a firearm during the commission of a crime.

The victim testified that at approximately 1:30 a.m. on November 18, 1996, she was awakened by the sound of someone attempting to break into her apartment. She was relieved to discover it was Griffin, because he was an acquaintance of hers. She allowed him to come into the apartment and talked to him for about 30 minutes before telling him she was ready to go to bed and asking if he needed a ride home. After he responded affirmatively, she drove him to his house.

Instead of exiting the car when they arrived, Griffin brandished a handgun, stuck it in her side, and instructed her to drive the car back to her house. Upon their return, he told her to go into her house so he could make love to her, but she remained in the car. He then began fondling her, attempted to put her seat in a horizontal position and pin her down, and started choking her. As all of this was occurring, Griffin became distracted when another car appeared and the victim escaped.

When she returned to the crime scene, the car was gone. Griffin was later seen driving the car but then abruptly left town. He was subsequently arrested in California and extradited back to Georgia to stand trial. *Held*:

1. Griffin challenges the sufficiency of the evidence, but he has abandoned the challenge by failing to support the enumeration with

argument or citation of authority. Court of Appeals Rule 27 (c) (2); *Whatley v. State*, 197 Ga. App. 489 (2) (398 SE2d 807) (1990).

2. Griffin charges the court with error in refusing to allow defense counsel to cross-examine the victim as to whether she and Griffin had smoked marijuana together prior to the events in issue.

Without objection, defense counsel asked the victim whether she had smoked marijuana or drunk with Griffin on the night in question, and she responded no. Outside the presence of the jury, counsel then sought to question her as to whether she and Griffin had ever smoked marijuana together. The court properly denied this request.

In *Dunton v. State*, 216 Ga. App. 191 (453 SE2d 800) (1995), the defendant was convicted of rape and kidnapping. He testified the victim smoked cocaine with him and agreed to have intercourse with him in exchange for cocaine. The victim denied both assertions. On appeal, the defendant contended that the trial court erred in prohibiting him from cross-examining the victim concerning whether she had used cocaine in the past. We held the victim's prior drug use irrelevant. That holding is controlling here.

3. Griffin next challenges the court's ruling that testimony by the investigating officer concerning pretrial statements made to him by the victim were admissible under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) (clarified in *Woodard v. State*, 269 Ga. 317, 319-320 (2) (496 SE2d 896) (1998)). This issue has not been preserved for appellate review as Griffin withdrew his objection to the officer's testimony. *Atkinson v. State*, 170 Ga. App. 260, 262 (2) (316 SE2d 592) (1984).

4. Finally, Griffin contends that custodial statements made by him when being interviewed by the investigating officer should not have been admitted in evidence, as he did not knowingly, voluntarily, and intelligently waive his right to counsel.

> [W]aivers of counsel must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

(Citations and punctuation omitted.) *White v. State*, 168 Ga. App. 794, 795 (310 SE2d 540) (1983), overruled on other grounds, *Walton v. State*, 267 Ga. 713, 717, n. 3 (482 SE2d 330) (1997).

Griffin was incarcerated in the county detention center after being extradited from California. He testified that it took about 12 days for him to be transported here, and he did not get much sleep either in transit or when he first arrived at the detention facility and

was placed in a holding cell. He was, however, provided with a bed and given an opportunity to get at least one night's sleep before being interviewed by the officer for approximately 30 minutes between 9:00 and 10:30 on the morning of February 26, 1997. At the time of the interview, Griffin was in his early 30s. He pleaded guilty to certain criminal charges in 1984 and was informed of his rights at that time.

Prior to questioning, the officer advised Griffin of the charges against him and, by reading a waiver-of-rights form, informed him of his entitlement to an attorney and other rights under *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Griffin initially expressed a lack of understanding, whereupon the officer engaged in additional explanation. Griffin then correctly filled out the form and proceeded with the interview. At no time did he request an attorney.

The officer acknowledged that Griffin said he had just awakened and could not remember details of the events in question because he was sleepy, and that he kept yawning during the interview. But the officer testified that Griffin was coherent and responsive to questioning. Griffin claims he was disoriented at the time of the interview, his mind was "discombobulated," and he did not understand that he had a right to an attorney until he appeared at arraignment. When the officer attempted to engage in further discussions with Griffin after arraignment, Griffin invoked his right to counsel and refused to speak.

After hearing the testimony of the witnesses and listening to a videotape of the interview, the court found that Griffin made a valid waiver of his rights before giving the statement to the officer. Factual determinations of this sort made by a trial judge must be accepted by appellate courts unless such determinations are clearly erroneous. *Nizer v. State,* 221 Ga. App. 301, 303 (471 SE2d 254) (1996). Here, they are not.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 23, 1999.

*Orin L. Alexis,* for appellant.
*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney,* for appellee.