## A11A0361. LUCKIE v. THE STATE.

(714 SE2d 358)

BLACKWELL, Judge.

Patrick Luckie was tried by a Fulton County jury and convicted of unlawfully possessing heroin with intent to distribute[1] and unlawfully abandoning heroin in a public place.[2] He appeals from the judgment of conviction, contending in his sole enumeration of error that the trial court erred when it permitted the prosecuting attorney to elicit testimony from a defense witness about criminal charges then pending against the witness. The prosecuting attorney offered this testimony ostensibly to prove that the witness had a motive to shade his testimony in favor of Luckie, but Luckie argues on appeal that the testimony is not probative of any such motive. Although Luckie might well be right that the specific testimony elicited at trial was not probative of any motive to testify favorably for Luckie, he did not raise this argument below, and, for this reason, he has failed to properly preserve the issue for our review. Consequently, we are constrained to affirm his convictions.

At trial, two police officers testified that, while patrolling a parking lot near the Georgia Dome late at night on June 1, 2004, they saw Luckie throw down a bag, which, the officers discovered, contained heroin, and they then arrested Luckie and charged him with the crimes that form the basis for the convictions in this case. To rebut this testimony, Luckie called two witnesses, each of whom testified that he was with Luckie in the parking lot on that night and that Luckie threw a cigarette, not a bag, to the ground. The cross-examination of one of these witnesses, Gerald Hurst, is the subject of this appeal. Both Hurst and Luckie, it turns out, had been arrested for possession of heroin on another occasion. The charges arising from this separate incident still were pending against both men when Hurst appeared in this case as a witness for Luckie.

Before Hurst testified, the prosecuting attorney informed the defense lawyer and the trial judge that he intended to ask Hurst about the pending heroin charge, and he inquired whether the defense would have any objection to this line of cross-examination. The defense lawyer said that, yes, she would object, although she needed some time to identify the precise grounds for her objection. The defense lawyer said then that she was "leaning towards [objecting on the ground that the pending charge is] not a conviction." At that point, the trial judge said that he would entertain an oral motion in limine on this line of cross-examination at a later time, but in any

---

[1] See OCGA § 16-13-30 (b).

[2] See OCGA § 16-13-3.

event, before Hurst testified.

Later that day, the trial judge invited the defense lawyer to make a motion in limine, and the defense lawyer responded: "Your Honor, I would ask that the State not be allowed to ask my witness any question that brings *my client's* [that is, Luckie's] character into evidence." The prosecuting attorney replied that the testimony he expected to elicit by this line of cross-examination would show a relationship between Luckie and Hurst and would, therefore, be probative of a motive for Hurst to shade his testimony to help Luckie. Oddly enough, the prosecuting attorney then added that "[w]e do not plan to ask about Mr. Luckie, just the fact that he has a — the witness has an open pending case for possession of heroin here in Fulton County." The defense lawyer made no further argument, and no one pointed out to the trial judge the rather obvious impossibility of proving a relationship between Hurst and Luckie by asking questions about Hurst having been arrested on another occasion *without* making any mention of the fact that Luckie too was present and arrested at the same time. Citing OCGA § 24-9-68,[3] the trial court ruled that the State could pursue this line of cross-examination and denied the motion in limine.

When Hurst later testified, the prosecutor pursued this line of cross-examination and, as promised, did not ask anything about the fact that Luckie also was present and arrested at the time Hurst was arrested:

> State: Mr. Hurst, Isn't it true that you have a pending possession of heroin with intent to distribute indictment against you here in Fulton County Superior Court?
>
> Witness: I'm accused of that.
>
> State: And it's currently pending in Fulton County Superior Court?
>
> Witness: Yeah.
>
> State: And you're here testifying today for Mr. Luckie; is that correct?
>
> Witness: Yeah.

The defense lawyer offered no additional objections at the time of the cross-examination. Now, on appeal, Luckie asserts that this cross-examination was not probative of any relationship or motive of

---

[3] "The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury." OCGA § 24-9-68; see also *Lockett v. State*, 217 Ga. App. 328, 330 (2) (457 SE2d 579) (1995) (physical precedent only) (noting that "evidence of a witness'[s] feelings to the parties, interest in the result of trial, bias, prejudice, or intent or motive generally is admissible at trial").

Hurst to shade his testimony. Without reaching the merits of this argument, we conclude that Luckie has failed to preserve this objection for our review.

As our Supreme Court recently explained,

[s]tandard practice in Georgia has long required a party to make and obtain a ruling on an objection to evidence in the trial court, before or as the evidence is admitted, in order to preserve the objection for appeal, and standard practice also allows parties to raise on appeal only the same objections that were properly preserved below.

*Whitehead v. State*, 287 Ga. 242, 246 (2) (695 SE2d 255) (2010). Our Supreme Court has said that, even when the State improperly impeaches a defense witness, the issue is waived unless the accused properly objects in the trial court. See *Martin v. State*, 281 Ga. 778, 779-780 (2) (642 SE2d 837) (2007) (improper use of plea of nolo contendere to impeach a witness); *Kyler v. State*, 270 Ga. 81, 84 (7) (508 SE2d 152) (1998) (improper mention of outstanding warrants for arrest of witness). And although a motion in limine generally will preserve the grounds on which the motion is based for appellate review, without the need for the accused to object again at trial, "this rule cannot be invoked to preserve a different, if perhaps related, error." See *Arnold v. State*, 249 Ga. App. 156, 161 (3), n. 15 (545 SE2d 312) (2001) (motion in limine to exclude references to specific charges underlying probation and existence of a probationary warrant did not preserve any error in allowing references to "felony warrant") (citation and punctuation omitted). To consider on appeal an objection to the admission of evidence that never was raised at trial "would deprive the trial court of the opportunity to consider the error alleged, and take corrective action, if necessary." *Ward v. State*, 238 Ga. App. 540, 542 (2) (519 SE2d 304) (1999). At trial, the lawyer for Luckie never argued that the questions the prosecuting attorney proposed to ask, and ultimately did ask, of Hurst would not elicit testimony showing some relationship between the two men and that the proposed cross-examination, therefore, was not probative of a relationship under OCGA § 24-9-68.

Instead, the lawyer offered two other reasons why this line of cross-examination should not be allowed. First, she objected to this line of cross-examination to the extent that it might elicit testimony that would impugn the character of her client. But because the State actually elicited no testimony from Hurst about Luckie having been implicated in the crime for which Hurst was arrested, the testimony about which Luckie now complains did not even touch upon his

character,[4] and this objection affords no basis for a reversal of the judgment of conviction. The testimony elicited at trial did, of course, touch upon the character of the witness, but that is a different objection. The objection made at trial did not preserve the assertion of error that Luckie now raises on appeal.

Second, the lawyer for Luckie objected that the pending charge was not a conviction, presumably a reference to the rule that a witness may not be impeached under OCGA § 24-9-84.1 with proof that he committed a crime unless he has been convicted of it. See *Watkins v. State*, 276 Ga. 578, 581 (3) (581 SE2d 23) (2003) (witness cannot be impeached with proof of specific misconduct unless that misconduct has resulted in a criminal conviction); see also *Polk v. State*, 202 Ga. App. 738, 739 (2) (415 SE2d 506) (1992) (same). And this would have been a fine objection if the State had offered the testimony at issue, and if the trial court had admitted it, for the purpose of impeaching Hurst by proof that Hurst himself had possessed heroin. But the State offered this testimony for the distinct purpose of showing under OCGA § 24-9-68 that Hurst and Luckie had a relationship that would give Hurst a motive to lie for Luckie.

When evidence is offered for a specific purpose (to prove, for instance, the relationship between a witness and a party), it is no answer to say that it is inadmissible for a different purpose (to prove, for instance, that the witness is a criminal and should not, therefore, be believed). An objection to such evidence, if it is to provide grounds for appellate review, must be directed toward the specific purpose for which evidence is offered by the proponent and admitted by the trial court. Cf. *Wilcox v. State*, 263 Ga. 293, 294 (1) (430 SE2d 741) (1993) ("We will not consider whether the trial court erred in refusing to admit the evidence for a purpose raised for the first time on appeal, when the appellant affirmatively stated a different and invalid purpose at trial."); *Lee v. State*, 241 Ga. App. 182, 183 (1) (525 SE2d 426) (1999) (where evidence excluded by trial court was not admissible for specific purpose for which it was offered in trial court, proponent could not argue on appeal that it should have been

---

[4] In an effort to show that the admission of this evidence harmed him, Luckie does assert on appeal that this testimony reflected badly upon his own character by enabling the prosecuting attorney to later argue that Hurst had a motive to lie for Luckie at this trial because, Hurst might hope, Luckie then would lie for Hurst at any subsequent trial of the charges against Hurst. We are not persuaded by this assertion. The testimony itself said nothing about Luckie and simply did not reflect on his character, even if the later argument by the prosecutor did. Luckie does not enumerate any error concerning the argument of the prosecutor, only the admission of the testimony by Hurst about his own pending charges, which made no mention of Luckie whatsoever. And in any event, we do not reach the question of harm because we find no error has been preserved for our review.

admitted for a different purpose). No conviction is required to offer proof that bears upon the relationship between a witness and a party. See *Beam v. State*, 265 Ga. 853, 856-857 (4) (463 SE2d 347) (1995); see also *Fields v. State*, 285 Ga. App. 345, 346 (3) (646 SE2d 326) (2007). Consequently, the objection that Hurst had not yet been convicted did not meet the purpose for which the evidence was offered and admitted. More important, it is a different objection than the one Luckie raises on appeal, and it did not, therefore, preserve the issue Luckie now presses for our review.

Because Luckie never argued in the trial court that the testimony elicited by the cross-examination at issue was not probative of any relationship between him and Hurst,[5] there is nothing for us to review on appeal. Accordingly, we are constrained to affirm the judgment below.

*Judgment affirmed. Barnes, P. J., concurs. Adams, J., concurs in the judgment only.*

DECIDED JUNE 21, 2011 —
RECONSIDERATION DENIED JULY 14, 2011 — ▮▮▮▮▮▮▮

*Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.

---

[5] If Luckie had made such an objection, the trial court might have granted the motion in limine. Or perhaps the State would have then changed course and asked for leave to elicit testimony showing that, when Hurst was arrested, so was Luckie, which would have allowed Luckie to object that, although such testimony might be probative of their relationship, it was too prejudicial to be admitted. And perhaps the trial court would have disallowed the proposed cross-examination on that basis. But nothing like that occurred at trial, and we will not reverse a judgment based on speculation about what might have occurred if a proper objection had been raised.